WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Andrew DeKenipp,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Paul R Babeu, et al.,<br><br>　　　　　Defendants. | No. CV-14-01971-PHX-DJH (ESW)<br><br>**ORDER** |

Plaintiff Joseph Andrew DeKenipp is a pro se prisoner confined in the Arizona Department of Corrections, Manzanita Unit, in Tucson, Arizona. He has filed a Second Amended Complaint (Doc. 23), alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. On August 3, 2016, the Court screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendants Johnson, Martinez, and Neal to answer Count One (Doc. 26 at 9). Counts Two, Three, and all other named Defendants were dismissed without prejudice (*Id.*). The Court sent service packets to the Plaintiff with instructions to complete and return the service packets to the Clerk of Court within twenty-one days for service of process by the United States Marshals Service ("USMS"). The Court set a time limit of sixty (60) days from the date of the filing of its Order (Doc. 26) for the Plaintiff to complete service of process (*Id.*).

Prior to the Court having screened the Plaintiff's Second Amended Complaint, Plaintiff filed a "Request for Service of Summons, Rules 4(b), 4(m), Fed. Rules Civil

1 2 3 4 5 6 7  Procedure" (Doc. 25).  In his Request, Plaintiff seeks an extension of time to serve the Defendants.  The Court finds that the Request is premature as it was sought prior to the screening of Plaintiff's Second Amended Complaint.  The Court's Order (Doc. 26) renders Plaintiff's Request moot.  In fact, the Clerk of Court forwarded Plaintiff's completed service packets to the USMS on August 26, 2016.  Time for service of process has not run, nor has USMS attempted service yet.  The Request (Doc. 25) shall be denied without prejudice.

Also pending before the Court is "Plaintiff's Pro Per Motion For Leave of Court For Appointment of Advisory Counsel Pursuant to 28 USC--§ 1915(e)(1); 42 USC§ 1988; 18 USC § 300A, In a Complex Case Under 42 USC § 1983, by a State Prisoner." (Doc. 28).  By Order (Doc. 22) filed on March 24, 2016, the Court denied Plaintiff's previous Motion for Appointment of Counsel (Docs. 19-21).  Plaintiff now requests the appointment of either counsel or advisory counsel due to the limitations Plaintiff faces while incarcerated, the complexity of his case, and his inability to afford an attorney.

As previously explained to the Plaintiff, there is no constitutional right to the appointment of counsel in a civil case.  *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)) (italics in original); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "Neither of these considerations is dispositive and instead must be viewed together."  *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

- 2 -

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's continued filings with the Court, as well as the instant motion, indicate that Plaintiff remains capable of navigating his proceedings and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff remains in a position no different than many pro se prisoner litigants. This case has not been designated complex. Having failed to show that any exceptional circumstances are present, Plaintiff's request for appointment of counsel or advisory counsel will be denied.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying without prejudice Plaintiff's "Request for Service of Summons, Rule 4(b), 4(m), Fed. Rules Civil Procedure" (Doc. 25).

**IT IS FURTHER ORDERED** denying "Plaintiff's Pro Per Motion For Leave of Court For Appointment of Advisory Counsel Pursuant to 28 USC--§ 1915(e)(1); 42 USC§ 1988; 18 USC § 300A, In a Complex Case Under 42 USC § 1983, by a State Prisoner." (Doc. 28).

Dated this 16th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge